# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT E. DUCOTE, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> **Acting Commissioner of the Social** ) <br> **Security Administration,**[1] ) <br> ) <br> Defendant. ) | Case No. CIV-12-159-FHS-SPS |

## REPORT AND RECOMMENDATION

The claimant Scott E. Ducote requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v.*

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on June 27, 1964, and was forty-six years old at the time of the second administrative hearing (Tr. 119, 365). He has a high school education and certifications in electronics and as a machinist (Tr. 366). The claimant has past relevant work as a biomedical electronics technician (Tr. 251). The claimant alleges inability to work since March 15, 2004 because of a cervical fusion, carpal tunnel syndrome in both hands, ischemic neuropathy, high blood pressure, and back problems (Tr. 79).

**Procedural History**

On May 24, 2004, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 (Tr. 15). The Commissioner denied his application. Following an administrative hearing, ALJ Lantz McClain found that the claimant was not disabled in a written opinion dated August 18, 2006 (Tr. 15-23). This Court reversed the Commissioner's decision on appeal in Case No. CIV-07-169-JHP-SPS and remanded the case for further proceedings. ALJ Michael A. Kirkpatrick held a second administrative hearing on October 26, 2010, and issued a written opinion on

November 4, 2010 again finding that the claimant was not disabled (Tr. 241-53). The Appeals Council denied review, so the ALJ's written opinion dated November 4, 2010 is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a); 416.967(a), limited to frequent, but not constant or repetitive, gross and fine manipulation with his hands (Tr. 246). The ALJ concluded that although the claimant could not return to any past relevant work, he was nevertheless not disabled because there was other work he could perform, *i. e.*, table worker, microfilm document preparer, and printed circuit board assembly touch-up screener (Tr. 252).

**Review**

The claimant contends the ALJ erred by finding there were jobs he could perform at step five of the sequential evaluation. This contention focuses in part upon the ALJ's analysis of the opinion of state agency physician Dr. Gordon Strom, M.D., who examined the claimant on two occasions and prepared a medical source statement regarding his ability to perform work-related activities. The undersigned Magistrate Judge finds that the ALJ did err in analyzing Dr. Strom's opinion, and the decision of the Commissioner should therefore be reversed and the case remanded for further analysis.

Dr. Strom first examined the claimant on September 3, 2004 (Tr. 160-66). He noted that the claimant was hurt in an automobile accident and reported persistent back, neck and hand pain, as well as the inability to grasp objects without dropping them (Tr. 160). Dr. Strom noted that the claimant could not turn his neck from side to side without discomfort and had atrophy of the musculature of his hand (Tr. 161). His impression was that the claimant had a prior history of a cervical injury with C6, C7 fusion, hand pain with an abnormal EMG suggesting carpal tunnel syndrome, hypertensive cardiovascular disease, chronic cigarette smoker, and mechanical low back strain (Tr. 161). Dr. Strom opined at that time that the claimant would benefit from treatment for carpal tunnel syndrome but was not limited from performing all occupations (Tr. 162).

Another state agency physician reviewed the claimant's records and completed a Residual Physical Functional Capacity Assessment on October 11, 2004 (Tr. 184-90). He opined that the claimant was capable of occasionally lifting and carrying up to 20 pounds, frequently lifting and carrying up to 10 pounds, standing and walking for six hours in an eight hour workday, and sitting for six hours in an eight hour workday (Tr. 185). The physician also found that the claimant was limited in his ability to feel and noted that the claimant should avoid repetitive motions with his hands (Tr. 186).

Dr. Strom examined the claimant again on April 1, 2010 (Tr. 303). He noted that the claimant had had a car accident in 2003 in which he injured his neck and ultimately resulted in the claimant undergoing a cervical fusion (Tr. 303). Upon examination, Dr. Strom noted that the claimant appeared to have good strength, good muscle tone, and

adequate grip strength but that the claimant had difficulty approximating his thumb to his digits (Tr. 303A). Dr. Strom noted that this impression of the claimant from the first exam had not changed (Tr. 303B). Dr. Strom also completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) in which he found that the claimant could occasionally lift and/or carry up to 10 pounds and noted both that the patient stated that he was incapable of lifting objects without dropping them and that the physical examination did suggest a significant limitation (Tr. 305). Further, Dr. Strom opined that the claimant could sit, stand, and/or walk for up to two hours at a time without interruption, and that the claimant could sit or walk for up to four hours in an eight hour workday and stand for three hours in an eight-hour workday (Tr. 306). Dr. Strom noted in this regard that the claimant's ability to sit and stand did not appear to be limited (Tr. 306). Dr. Strom also found that the claimant could frequently handle, finger, and feel with his right hand and occasionally reach overhead, reach in general, and push/pull (Tr. 307). With regard to his left hand, Dr. Strom opined that the claimant could occasionally reach overhead, handle, finger, feel, and push/pull but could never reach in general (Tr. 307). Finally, Dr. Strom found that the claimant could frequently climb stairs and ramps, balance, crouch, and crawl, but could only occasionally climb ladders or scaffolds, stoop, and kneel (Tr. 308). Dr. Strom noted in this regard that there were "no real limitations identified" but that the patient stated that his back hurt with the effort (Tr. 308).

Social Security Ruling 96-6p indicates an ALJ "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians and psychologists." 1996 WL 374180, at *4. Unlike medical opinions from a treating physician, an opinion from an agency physician is not entitled to special deference but must be evaluated for weight under the factors set forth in 20 C.F.R. § 416.927. *See* 20 C.F.R. § 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive . . . [W]e consider all of the following factors in deciding the weight we give to any medical opinion."). The relevant factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). While an ALJ is not bound by an opinion from a state agency physician, he cannot ignore it and must explain the weight he decides to give it in his decision. *Id*.

The ALJ discussed Dr. Strom's medical source statement but rejected it as nothing more than "parroting back" the claimant's subjective allegations (Tr. 249). Some of the findings expressed by Dr. Strom in the medical source statement *do* appear to be based

primarily upon the claimant's subjective complaints, but others were specifically noted by Dr. Strom to be based upon his physical examination of the claimant, *e. g.*, findings as to the claimant's ability to lift and carry (Tr. 305), and his inability to extend his left arm as fully as his right (Tr. 303A). Thus, the ALJ's wholesale rejection of the opinions expressed by Dr. Strom in the medical source statement based solely upon speculation that that it "parroted back" the claimant's subjection allegations was erroneous. *See, e. g., Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) ("The ALJ . . . improperly rejected Dr. Hjortsvang's opinion based upon his own speculative conclusion that the report was based only on claimant's subjective complaints and was 'an act of courtesy to a patient.' The ALJ had no legal nor evidentiary basis for either of these findings. Nothing in Dr. Hjortsvang's reports indicates he relied only on claimant's subjective complaints or that his report was merely an act of courtesy. 'In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion.*'"), *quoting McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) [emphasis in original].[3]

---

[3] Among the limitations imposed by Dr. Strom in the medical source statement was that the claimant could sit for no more than four hours in an eight-hour workday, which is less than the six hours required for sedentary work. *See* Soc. Sec. Rul. 96–9p, 1996 WL 374185, at *3. ("[A] sedentary job is defined as one that involves sitting . . . Sitting would generally total about 6 hours of an 8-hour workday."). Dr. Strom also imposed more restrictive limitations on the claimant's use of his left hand than those adopted by the ALJ in formulating the claimant's RFC. The ALJ's failure to properly analyze the opinions expressed by Dr. Strom in the medical source statement was therefore not harmless.

Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for a proper analysis of the medical opinions expressed by Dr. Strom in the medical source statement. On remand, the ALJ should reconsider those opinions in accordance with the appropriate standards and determine what impact, if any, such reconsideration has on the claimant's ability to work.

**Conclusion**

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 13th day of September, 2013.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma